UNITED STATES DISTRICT COURT FOR THE
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| MARK D. JOHNSON, Individually and as Administrator of the Estate of CANDACE M. JOHNSON, deceased, </br></br>    Plaintiff, </br>v. </br></br>WAL-MART STORES, INC., a foreign Corporation, </br></br>    Defendant. | ) ) ) ) ) ) ) ) ) ) ) )   Case No. 08-1126 |

## ORDER

This matter is now before the Court on Defendant, Wal-Mart Stores, Inc.'s ("Wal-Mart"), Motion to Dismiss. For the reasons set forth below, the Motion to Dismiss [#7] is GRANTED .

## BACKGROUND

The Complaint alleges that on January 22, 2008, Candace Johnson ("Johnson") entered the Wal-Mart store on Allen Road in Peoria, Illinois, and went to the sporting goods department to purchase firearm ammunition. She did not have an Illinois Firearm Owners Identification card [hereinafter "FOID card"] because she had been a mental illness patient within the previous five years.

Christy Blake ("Blake"), a clerk in the sporting goods department, sold Johnson ammunition without requesting her to produce a FOID card. Blake had never been provided with any training on the proper procedures for selling firearm ammunition.

Following her purchase, Johnson returned to her residence and shot herself in the chest with the firearm ammunition that she had just purchased from the Wal-Mart store. At approximately 3:30 p.m., Johnson's husband came home to his residence after a day of work and found her lying in a pool of blood on a bathroom floor. He determined that his wife was still alive and called 911. Johnson was taken by ambulance to OSF St. Francis Hospital, where she died at 6:10 a.m. on January 23, 2008.

On May 30, 2008, Mark Johnson, individually and as the Administrator of the Estate of Candace Johnson, filed this Complaint alleging: (1) that Wal-Mart was negligent in selling firearm ammunition to Johnson in violation of its duties under the Firearm Owners Identification Card Act (the "Act"), 430 ILCS 65/3; (2) that Wal-Mart caused the wrongful death of Johnson; (3) negligent infliction of emotional distress; and (4) reckless infliction of emotional distress. Wal-Mart has now moved to dismiss the Complaint on various grounds, each of which will be addressed in turn. The motion is fully briefed, and this Order follows.

## LEGAL STANDARD

Courts have traditionally held that a complaint should not be dismissed unless it appears from the pleadings that the plaintiff could prove no set of facts in support of her claim which would entitle her to relief. *See* Conley v. Gibson, 355 U.S. 41 (1957); Gould v. Artisoft, Inc., 1 F.3d 544, 548 (7th Cir. 1993). Rather, a complaint should be construed broadly and liberally in conformity with the mandate in Federal Rules of Civil Procedure 8(f). More recently, the Supreme Court has phrased this standard as requiring a showing sufficient "to raise a right to relief beyond a speculative level." Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1965 (2007).

For purposes of a motion to dismiss, the complaint is construed in the light most favorable to the plaintiff; its well-pleaded factual allegations are taken as true, and all reasonably-drawn inferences are drawn in favor of the plaintiff. See Albright v. Oliver, 510 U.S. 266, 268 (1994); Hishon v. King & Spalding, 467 U.S. 69 (1984); Lanigan v. Village of East Hazel Crest, 110 F.3d 467 (7th Cir. 1997); M.C.M. Partners, Inc. V. Andrews-Bartlett & Assoc., Inc., 62 F.3d 967, 969 (7th Cir. 1995); Early v. Bankers Life & Cas. Co., 959 F.2d 75 (7th Cir. 1992).

**DISCUSSION**

I.  Negligence and Wrongful Death Claims

Wal-Mart first argues that Plaintiff has failed to state a cause of action for negligence or wrongful death because Illinois does not permit recovery for suicide following a tortious act, as suicide is an independent intervening act that the tortfeasor cannot be expected to foresee. Specifically, Wal-Mart contends that under Illinois law, suicide is an intervening and independent cause of death which breaks the chain of causation and precludes its liability in this case (hereinafter referred to as the "suicide rule"). Jarvis v. Stone, 517 F.Supp. 1173 (N.D.Ill. 1981); Crumpton v. Walgreen Co., 375 Ill.App.3d 73, 79 (1st Dist. 2007); Chalhoub v. Dixon, 338 Ill. App.3d 535, 539-40 (1st Dist. 2003); Cleveland v. Rotman, 297 F.3d 569, 572 (7th Cir. 2002); Kleen v. Homak, 321 Ill.App.3d 639, 642 (1st Dist. 2001).

Plaintiff argues that there is no precedent supporting the application of the suicide rule where the tort committed is the violation of a public safety statute enacted to protect the health, safety, and welfare of the public. Focusing on the legislative history of an amendment to the Act that did not become effective until after Johnson's suicide, Plaintiff maintains that the legislation

was intended to protect mentally defective persons from posing a danger to themselves and others. Assuming that the amendment and its legislative history are applicable in this case, Plaintiff cites Kalata v. Anheuser-Busch Cos., Inc., 144 Ill.2d 425, 435 (Ill. 1991), for the proposition that the violation of a public safety statute is prima facie evidence of negligence. However, Plaintiff has not provided any basis for finding that the recent amendments to the statute are applicable or that the Act contains so-called "rights creating language" establishing a class for whose benefit the legislation was being enacted other than the interest in protecting the "health, safety and welfare of the public" expressly noted in the statute. Moreover, in order to recover, the injured party must demonstrate that the violation of the public safety statute proximately caused the injury and that the statute was intended to protect a class of persons from the kind of injury suffered. Id. Thus, Plaintiff must establish that Wal-Mart's sale of ammunition to Johnson in violation of the Act was the proximate cause of her injury and death, a showing which would appear to be precluded by the suicide rule as a matter of law unless there is some applicable exception available.

    Illinois courts have created an exception to the rule that suicide is an intervening cause breaking the causal chain when the tortfeasor causes a head injury to the injured party that renders her "insane and bereft of reason," and the injured party commits suicide while in that state. Cleveland, 297 F.3d at 572, *citing* Kleen, 321 Ill.App.3d at 643; Jarvis, 517 F.Supp. at 1175. Plaintiff has alleged only that Johnson had been treated for mental illness in the last five years. Johnson was an adult and the Plaintiff has not alleged that she suffered any head injury or was mentally unstable at the time of her suicide. The Court must presume that Johnson was a competent adult who purposely obtained the gun, went to Wal-Mart, purchased appropriate

ammunition for the gun, loaded the gun, and then intentionally used it to shoot herself in the chest and take her own life during the time when she knew that her husband would be at work. Accordingly, under the facts and circumstances alleged in the Complaint, the exception to the suicide rule does not apply to avoid the break in causation.

Another avenue that could possibly allow Plaintiff to pursue these claims is if this case is akin to Winger v. Franciscan Medical Center, 299 Ill.App.3d 364, 371-72 (3rd Dist. 1998), where the court imposed a duty to foresee and avoid a patient's suicide on a psychiatrist who knew of the patient's history of suicidal depression yet failed to protect the patient from harming himself. *See* Cleveland, 297 F.3d at 573. However, the rationale of this case is based on a special duty owed to a mentally ill patient by a caregiver who is aware of the patient's mental condition yet fails to take appropriate action. It is this degree of awareness or knowledge of the decedent's mental illness that appears to be absent in this case.

Whether the suicide rule applies in a case where a firearms dealer has sold ammunition to a person who did not have a FOID card is a case of first impression in this Circuit, and there is surprisingly little published authority on this precise question in any jurisdiction. Plaintiff has acknowledged a Tennessee state case in which the suicide rule was found applicable to block the liability of a firearm retailer who violated federal gun law. Rains v. Bend of the River, 124 S.W.3d 580, 592-95 (Tenn. 2003). Wal-Mart has cited two state court cases from Iowa and Oklahoma, as well as the Sixth Circuit's opinion in Brashear v. Wal-Mart, Inc., 117 F.3d 1420, 1997 WL 397219, at *1 (6th Cir. 1997), reaching a similar result.

In Brashear, the Court of Appeals discussed precedent generally holding that suicide is an independent intervening act that breaks the causal chain between the decedent and the defendant.

5

Like the Plaintiff in this case, the plaintiff in Brashear argued that the fact that Wal-Mart sold the firearm in violation of federal law made the decedent's death foreseeable or in other words constituted "causation per se." Id., at *2. The Sixth Circuit reasoned:

> If a violation of a statutorily imposed standard alone satisfies the duty, breach, and causation elements, plaintiffs would need only establish a violation of a statute and an injury. The result would elevate the doctrine of negligence per se to a strict liability standard. The Kentucky courts have not stretched the doctrine of negligence per se this far and we decline to do so now.

Id. The court then noted that the majority of courts addressing analogous issues have reached the conclusion that the suicide was an unforeseeable event that precluded the defendant's liability for its negligence. Id., *citing* Scoggins v. Wal-Mart Stores, 560 N.W.2d 564 (Iowa 1997); Drake v. Wal-Mart, Inc., 876 P.2d 738 (Okla.Ct.App. 1994); Chapman v. Oshman's Sporting Goods, Inc., 792 S.W.2d 785 (Tex.Ct.App. 1990); Fly v. Cannon, 836 S.W.2d 570 (Tenn.Ct.App. 1992).

The Sixth Circuit noted a state court case that went against the weight of this authority in finding foreseeability based on the existence of a state gun control statute, but distinguished that case based on the particular language of the state statute. Id., *citing* Crown v. Raymond, 764 P.2d 1146 (Ariz.Ct.App. 1988). The Court's own research has also discovered Knight v. Wal-Mart Stores, Inc., 889 F.Supp. 1532, 1541-42 (S.D.Ga. 1995), in which the court found an issue of fact as to foreseeability based on what it described as a "special duty" imposed on firearms dealers, as well as factual evidence that could have been indicative of foreseeability (i.e., reports that the purchaser was looking "wild" or "rushed, upset, and . . . was talking to himself," the comment of an employee who assisted in the sale that the purchaser was "crazy", and the issuance of a security alert in the store based on the purchaser's presence.)

The Court also notes the Fifth Circuit's decision in <u>Morin v. Moore</u>, 309 F.3d 316, 326 (5th Cir. 2002), which discusses cases in which factual allegations in the complaint if proven could establish the foreseeability required to sustain a claim of negligence precluded dismissal. Such allegations of a known history of mental illness or observed display of disturbing behavior during the purchase are tellingly absent in the case now before this Court. In fact, the Complaint does not even allege that Johnson was mentally ill, impaired, or even displayed any characteristics that should have caused her to appear unstable to a reasonable person at the time she purchased the ammunition from Wal-Mart.

If any of these other indications could be reasonably inferred from the allegations in the Complaint, the Court would permit the claims to go on to discovery to determine whether Johnson's suicide could somehow have been foreseeable. However, given the complete lack of any such suggestions in the Complaint, there is nothing from which these kinds of inferences could reasonably be drawn, and the Court cannot make the logical leap it would take to get past the compelling logic of <u>Brashear</u>. Given the lack of any indication in Illinois law that a special duty approximating strict liability should be imposed on firearms sellers absent some indicia of special circumstances of knowledge comparable to a treating physician who was aware of a patient's suicidal tendencies, the Court is unwilling to judicially impose such a remedy.

While the Illinois courts have yet to address this precise issue in an analogous case, the Court believes that Illinois would fall within the growing number of states that have declined to substitute a statutory violation for the causation element necessary to sustain a cause of action in negligence, at least in the absence of some kind of minimal factual allegations indicative of foreseeability. The Court is not unsympathetic to the magnitude of the Plaintiff's loss as a result

of this tragic encounter.  That being said, this sympathy cannot change what the Court finds to be the governing law in order to achieve a more compassionate result.  Accordingly, the Court must conclude that Johnson's act of committing suicide was a superceding event that relieves Wal-Mart of liability for the negligent act of selling the ammunition to her.  Wal-Mart is therefore entitled to the dismissal of these claims as a matter of law.  If, however, Plaintiff has a good faith basis for filing an amended complaint that includes factual allegations indicative of foreseeability, he may do so within 14 days of the date of this Order.

II.     <u>Negligent Infliction of Emotional Distress</u>

Wal-Mart also seeks the dismissal of Plaintiff's claim for negligent infliction of emotional distress.  Specifically, Wal-Mart argues that the emotional distress alleged in the Complaint is not actionable under this theory of damages as a matter of law.

Under Illinois law, a plaintiff bringing a claim for negligent infliction of emotional distress must show: "(1) that defendant owed plaintiff a duty; (2) that defendant breached that duty; and (3) that plaintiff's injury was proximately caused by that breach." <u>Parks v. Kownacki</u>, 193 Ill.2d 164, 249 Ill.Dec. 897, 737 N.E.2d 287, 296-97 (Ill. 2000).  The Court has already found that Wal-Mart did not proximately cause the injury in this case because Johnson's suicide was an independent, intervening cause.  This in and of itself would appear to preclude Plaintiff's negligent infliction claim.

Moreover, even assuming that Plaintiff could proceed with his claim, he could allege no set of facts under which he could ever prevail.

> Under Illinois law, the courts distinguish between a claim for negligent infliction of emotional distress brought by a direct victim of an accident and one brought by a bystander.  <u>Rickey v. Chicago Transit Authority</u>, 98 Ill.2d 546, 550, 75 Ill.Dec. 211, 457 N.E.2d 1

>(1983). A "direct victim" is one who sustains contemporaneous physical impact or injury because of the negligence of a defendant. Id., at 555, 75 Ill.Dec. 211, 457 N.E.2d 1. A "bystander" is one who suffers a physical injury or illness from emotional distress because he was in "such proximity to the accident in which the direct victim was physically injured that there was a high risk to him of physical impact." Id. A bystander's claim can survive only when he pleads that his emotional distress stemmed from fear for his personal safety. Kapoulas v. Williams Ins. Agency, 11 F.3d 1380, 1383 (7th Cir.1993); Alexander v. De Paepe, 148 Ill.App.3d 831, 835, 102 Ill.Dec. 285, 499 N.E.2d 1065 (Ill.App.Ct.1986) (holding plaintiff's emotional distress experienced as a result of witnessing fatal injuries to fiance during a car crash is not sufficient to support a separate claim of negligent infliction of emotional distress). This is the "zone-of-physical-danger" test and applies only to bystander plaintiffs. Rickey, 98 Ill.2d at 555, 75 Ill.Dec. 211, 457 N.E.2d 1; Corgan v. Muehling, 143 Ill.2d 296, 306-07, 158 Ill.Dec. 489, 574 N.E.2d 602 (1991). The Illinois Supreme Court defines the zone-of-danger as the area encircling a negligently caused accident, with the accident forming the nucleus of this zone. Corgan, 143 Ill.2d at 306, 158 Ill.Dec. 489, 574 N.E.2d 602 (1991). A person is within the zone when he is "sufficiently close to that accident that he is subjected to a high risk of physical impact emanating from the accident itself." Id. at 304-06, 158 Ill.Dec. 489, 574 N.E.2d 602 (quoting Lewis v. Westinghouse Electric Corp., 139 Ill.App.3d 634, 639-40, 94 Ill.Dec. 194, 487 N.E.2d 1071 (Linn, J., dissenting).)

Durk v. Daum Trucking, Inc., 2008 WL 4671721, at *2 (N.D.Ill. Oct. 22, 2008).

Wal-Mart argues that based on the allegations of the Complaint, there is no set of facts under which Plaintiff could successfully state a claim for negligent infliction of emotional distress. According to the Complaint, he was clearly a bystander who was never within any physical zone of danger such as to fear for his own safety. Nor was he close enough to his wife when she shot herself to have been subjected to a high risk of physical impact emanating from her injury. To the contrary, the Complaint alleges that he was at work at the time of the shooting and only returned home later to find Johnson lying in a pool of blood.

Plaintiff makes no substantive response other than to counter that Wal-Mart is erroneously attempting to impose fact pleading requirements on this diversity action and argues that he has sufficiently stated a claim under federal notice pleading. Plaintiff is correct that at this stage in the pleadings, all he is required to do is plead "sufficient facts to suggest plausibly that [he] is entitled to relief." *See* Twombly, --- U.S.at ----, 127 S.Ct.at 1965. However, Plaintiff's argument misses the point, which is not that he hasn't pled enough, but rather that he has pled too much. Plaintiff's well-pled allegations in the Complaint when taken as true have effectively pled him out of court on this claim. Based on the alleged fact that he was not even in the home at the time of the fatal gunshot but returned home to discover his wife sometime after she had shot herself in the chest, he was clearly not a direct victim of the tragedy but rather was a bystander who must meet the standard set forth in Rickey and its progeny. Based on the allegations of the Complaint, there is no good faith basis for inferring that he was ever in a zone of physical danger or reasonably placed in fear for his own life. Accordingly, this claim must also be dismissed. Given that the allegations already pled preclude this claim, the filing of an amended pleading with respect to Plaintiff's claim for negligent infliction would be an exercise in futility.

III.    Reckless Infliction of Emotional Distress

Plaintiff's final claim is that Wal-Mart was reckless in allowing its employee to sell ammunition without proper training and that the company was on notice of this problem as a result of 500 violations of gun control statutes in the State of California in 2003. In order to state a claim for reckless infliction of emotional distress, a plaintiff must show:

> (1) that the defendant's conduct was extreme and outrageous; (2) that the defendant knew that there was a high probability that his

>conduct would cause severe emotional distress; and (3) that the
>conduct in fact caused severe emotional distress.

Kolegas v. Heftel Broadcasting Corp., 154 Ill.2d 1, 20 (Ill. 1992), *citing* McGrath v. Fahey, 126 Ill.2d at 86, 127 Ill.Dec. 724, 533 N.E.2d 806, *citing* Public Finance Corp. v. Davis, 66 Ill.2d 85, 90, 4 Ill.Dec. 652, 360 N.E.2d 765 (Ill. 1976).  Again, the Court's ruling that Wal-Mart's misconduct was not legally the cause of Johnson's death and that her suicide was an intervening factor breaking the chain of causation precludes this claim.

Assuming that Plaintiff's claim was not precluded, Plaintiff again fails to make any real attempt to substantively respond to Wal-Mart's argument that the allegations of the Complaint fail to state a claim for reckless infliction.  Wal-Mart's alleged lack of training or proper procedures with respect to the sale of firearms and ammunition is very troubling.  However, Illinois courts have held that when considering this kind of claim, "a factor to be considered is the defendant's awareness that the plaintiff is particularly susceptible to emotional distress because of some physical or mental condition or peculiarity."  Id.  As discussed previously in this Order, allegations of any particular susceptibility on the part of Johnson or the Plaintiff, Wal-Mart's awareness of such susceptibility, or any facts that could support the reasonable inference of awareness of susceptibility are conspicuously absent from the Complaint.  The suggestion that Wal-Mart was aware of incidents of improper firearm sales in California nearly five years prior to the accident in question is simply insufficient.  The Motion to Dismiss must therefore be granted with respect to the reckless infliction claim, as well.

## CONCLUSION

For the reasons set forth above, Wal-Mart's Motion to Dismiss [#7] is GRANTED. Plaintiff is hereby given leave to file an amended complaint curing the deficiencies identified

with respect to his claims for negligence and wrongful death within 14 days if he can do so in good faith.

ENTERED this 10th day of November, 2008.

                                             s/ Michael M. Mihm
                                             Michael M. Mihm
                                         United States District Judge